UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MATTHEW PUGH,                                )
                                             )
                    Plaintiff,               )
                                             )
        v.                                   )        No. 1:25-cv-01890-SEB-MG
                                             )
LARRY STORM,                                 )
JOSEPH MERIDA,                               )
                                             )
                    Defendants.              )

**Order**

Plaintiff Matthew Pugh is a prisoner currently incarcerated at Westville Correctional Facility. On September 18, 2025, Mr. Pugh filed this civil action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at New Castle Correctional Facility ("New Castle"). The Court's screening order allowed Mr. Pugh to proceed with First Amendment retaliation claims and Eighth Amendment conditions-of-confinement claims against Lt. Larry Storm and Ofc. Joseph Merida. Dkt. 24. Since then, Mr. Pugh has filed motions related to the Defendants' answer, a motion to amend the complaint, and a motion for preliminary injunction. For the reasons explained below, the Court **DENIES** Mr. Pugh's motion for leave to file an answer, dkt. [47], motion to strike the Defendants' answer, dkt. [50], and motion for preliminary injunction, dkt. [77]. The Court **GRANTS** Mr. Pugh's motion to amend the complaint, dkt. [68], and screens the amended complaint pursuant to 28 U.S.C. § 1915A(a), (c).

I.      **Motions Related to Defendants' Answer**

Mr. Pugh's motion for leave to file an answer to the Defendants' answer, dkt. [47], is **denied as unnecessary**. There is no need to respond to the Defendants' answer. Mr. Pugh's motion to strike the Defendants' answer simply asks the Court to strike the pleading but does not state why.

1

Motions to strike are not favored within the Seventh Circuit and the Court will not strike a pleading unless it is clear that it has no possible bearing on the subject matter of the litigation. *Capitol Indem. Corp. v. Tranel Developments, Inc.*, 144 F.R.D. 346, 347 (N.D. Ill. 1992) (citing 2A Moore's Federal Practice ¶ 12.21[2], at 12–175). Finding no issue with the Defendants' answer, the Court **denies** Mr. Pugh's motion, dkt. [50].

II.    **Motion to Amend the Complaint and Screening Order**

Mr. Pugh filed his motion to amend the complaint before the deadline to amend the pleadings set forth in the scheduling order. *See* dkt. 42. Finding good cause, the Court **grants** Mr. Pugh's motion to amend, dkt. [68]. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### A.  The Amended Complaint

Mr. Pugh makes the following allegations against Lt. Larry Storm and Ofc. Merida, summarized here, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Lt. Larry Storm "automatically found" Mr. Pugh guilty of violating the Indiana Department of Correction's Code of Conduct and sanctioned him with six months in restrictive housing. Dkt. 68-1 at 3. Mr. Pugh appealed the decision on August 1 and placed the appeal in his cell door so that it could be placed in the mail bag. *Id.* On August 4, Lt. Storm looked through Mr. Pugh's mail, viewed the appeals, and altered the original conduct reports. *Id.* This violated IDOC policy. *Id.* As a result, Mr. Pugh's appeals were denied, and he was transferred. *Id.* at 4. Mr. Pugh alleges that Lt. Storm routinely throws away mail and grievances. *Id.* at 4–5.

During this time, Lt. Storm knew that Mr. Pugh's mattress had fecal waste on it and Mr. Pugh filed grievances related to the issue. *Id.* at 4. Yet, Lt. Storm refused to replace it. After Mr. Pugh had to sleep on the mattress for a month, a non-party officer finally replaced it. *Id.* Mr. Pugh also told Lt. Storm and filed grievances about an issue with ants, but Lt. Storm did not do anything. *Id.*

On August 11, Mr. Pugh went to Lt. Storm's office to retrieve his legal mail. *Id.* at 4–5. Lt. Storm told Mr. Pugh, "if you know what's good for your well being you won't keep filing reports on our facility and the other staff members." *Id.* (cleaned up).

On August 21, Lt. Storm told Sgt. Titus via email to not give Mr. Pugh a blanket because he had allegedly threatened staff. *Id.* at 4. That same day, a sewage drain overflow caused sewage to enter Mr. Pugh's dormitory, reaching his cell. *Id.* Mr. Pugh told Ofc. Merida that he needed

cleaning supplies to clean his cell, but Ofc. Merida looked at Mr. Pugh and smiled, but declined to give him the supplies when he passed out supplies to the rest of the dorm. *Id.*

Overall, Mr. Pugh alleges that Lt. Storm's retaliatory actions are motivated by his status as a sex offender and by the fact that he has filed several complaints about conditions of confinement. *Id.* at 5–7. Mr. Pugh seeks monetary damages and for Lt. Storm to be fired. *Id.* at 8.

### B. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

### Dismissed Claims

First, the Court **dismisses** any due process claims against Lt. Storm for finding Mr. Pugh guilty of violating the IDOC's code of conduct for the same reasons stated in the original screening order. Dkt. 24 at 4–5. The Constitution does not create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See Wilkinson v. Austin*, 545 U.S. 209, 222 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, incarcerated people are entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The Amended Complaint does not allege facts showing that Mr. Pugh's transfer to restricted housing or to Westville Correctional Facility exposed him to atypical and significant hardships. Therefore, he has not stated a Fourteenth Amendment Due Process claim related to the disciplinary hearing.

Second, the Court **dismisses** the First Amendment claim against Ofc. Merida. To prevail on a First Amendment retaliation claim, Mr. Pugh "must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter

First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). "[T]he prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)*; see also Santiago v. Anderson*, 496 F. App'x 630, 633 (7th Cir. 2012) (stating that inmate's claim "that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading"); *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). Mr. Pugh's Amended Complaint only contains vague assertions that Ofc. Merida's conduct was motivated by his grievances, but there are no facts allowing the Court to infer that Ofc. Merida knew about the grievances. This is not enough to state a First Amendment retaliation claim and any such claim against Ofc. Merida **is dismissed**.

### **Claims That Will Proceed**

Mr. Pugh's First Amendment retaliation claim against Lt. Storm may proceed on the basis that he retaliated against him for filing grievances. *See Watkins v. Kasper*, 599 F.3d 791, 794–95 (7th Cir. 2010).

Mr. Pugh's Eighth Amendment conditions-of-confinement claim against Lt. Storm may proceed on the basis that he made Mr. Pugh sleep on a soiled mattress for a month.

Mr. Pugh's Eighth Amendment conditions-of-confinement claim against Ofc. Merida may proceed on the basis that he intentionally denied Mr. Pugh cleaning products to remove the sewage in his cell.

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed.

### III.    Motion for Preliminary Injunction

Mr. Pugh's motion for preliminary injunction states that the Defendants and their counsel have failed to meet certain discovery deadlines. Dkt. 77 at 1. Therefore, Mr. Pugh requests that the Court order the Defendants to provide all evidence listed in the Court's scheduling order as well as all of the requested video footage from the requested dates. *Id.* at 2. Mr. Pugh's motion is denied because it does not seek the kind of relief that can be afforded by a motion for preliminary injunction.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction Mr. Pugh first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims for relief on which a plaintiff is proceeding. *See DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (denying injunctive relief for a matter "lying wholly outside the issues in the suit" because injunctive relief is only appropriate "to grant intermediate relief of the same character as that which may be granted finally"); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund,* 527 U.S. 308, 326 (1999) (where the requested injunction relates to matters "lying wholly outside the issues in the suit," an injunction is beyond the power of the Court) (quoting *De Beers Consol. Mines*, 325 at 220); *see also Benisek v. Lamone*, 585 U.S. 155, 161 (2018) (The "purpose of a preliminary

6

injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held.") (internal quotations omitted).

Although Mr. Pugh's discovery requests attempt to gather information to support his claims, they are not related to the merits of his claims or to the ultimate relief he seeks in this case. Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220). Furthermore, Mr. Pugh has alternative ways of obtaining the requested information. Indeed, he has already filed several motions to compel related to discovery, which the Court will address in due course.[1] Therefore, Mr. Pugh's motion for preliminary injunction, dkt. [77], is **denied**.

### IV.    Conclusion

The Court **DENIES** Mr. Pugh's motion for leave to file an answer, dkt. [47], motion to strike the Defendants' answer, dkt. [50], and motion for preliminary injunction, dkt. [77]. The Court **GRANTS** Mr. Pugh's motion to amend the complaint, dkt. [68]. The **clerk is directed** to re-docket the proposed amended complaint, dkt. [68-1], as the Amended Complaint.

The following claims are proceeding in this action: First Amendment retaliation claims against Lt. Storm; (2) Eighth Amendment conditions-of-confinement claims against Lt. Storm and Ofc. Merida. All other claims have been dismissed.

---

[1] Mr. Pugh is reminded that the Court's scheduling order explicitly states that "[a] motion to compel cannot be filed until a party has failed to adequately respond to a discovery request and until the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action . . . Motions to compel must also 'include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.' Fed. R. Civ. P. 37(a)(1)." *See* dkt. 42.

The Defendants have already appeared in the case and answered the original complaint.

They shall file a response to the Amended Complaint within **14 days** of this Order.

**IT IS SO ORDERED.**

Date:  _____6/23/2026_____

_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

MATTHEW PUGH
200550
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com